ENTERED ON DOCKET

9/22/99 PURSUANT TO FRCP RULES 58 & 79a

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ISRAEL NEGRON TORRES, et al. | * |
| Plaintiffs | * |
| v. | * Civil No. 96-1859(SEC)<br>* Law 75 |
| NEW CASTLE TRAILERS, INC., et al. | * |
| Defendants | * |

**JUDGMENT**

RECEIVED & FILED 99 SEP 22 AM 9:03 CLERK'S OFFICE U.S. DISTRICT COURT SAN JUAN

On June 9, 1999 the Court granted an extension of time for plaintiffs to serve their amended complaint upon defendants, granting them until July 23, 1999 to do so **(Docket #23)**. On July 21, 1999 plaintiffs tendered their amended complaint, but did not present any evidence that they had served process upon defendants as required by Fed.R.Civ.P. 4. Accordingly, on August 13, 1999 we ordered plaintiffs to file with the Court copies of service of summons upon defendants no later than August 23, 1999 **(Docket #26)**. In that order, we advised plaintiffs that failure to comply would result in the dismissal of the complaint for lack of prosecution.

On August 26, 1999 the Court granted a final extension of time for plaintiffs to serve process upon defendants, setting the final deadline for compliance to September 20, 1999. The September 20, 1999 deadline has passed and plaintiffs have once again failed to comply with this Court's order to file evidence that they have served upon defendants the amended complaint.

Local Rule 312 states: "All counsel shall proceed with reasonable diligence to take all steps necessary to bring an action to issue and readiness for pretrial conference and trial." The original complaint in this case was filed over three years ago and proper service has not even been effected upon defendants because of various procedural complications, all within plaintiffs' realm of

AO 72A
(Rev.8/82)

responsibility. Fed.R.Civ.P. 41(b) states, in pertinent part, "For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant." This case appears to clearly fall within the ambit of the rule. Plaintiffs have failed to comply with the orders of the Court regarding service of process and have clearly failed to proceed diligently in the prosecution of this case.

In view of the facts of present case, we must heed the Supreme Court's declaration that "[c]ourts are vested with an inherent power to control and manage their own affairs so as to achieve early and expeditious disposition of cases." Link v. Wabash Railroad Co., 370 U.S. 626, 630-31(1962). Accordingly, the above-captioned action shall be **DISMISSED** pursuant to Rule 41(b) and Local Rules 114 and 312. Judgment is hereby entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of September, 1999.

for SALVADOR E. CASELLAS
United States District Judge